### HERWEG et al. v. MOLITOR.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

BROKERS—COMMISSIONS—WHEN EARNED—EVIDENCE.

Defendant in an action by a broker for commissions, an owner of two semidetached houses, gave the broker a written authority without date to sell property without describing it. Defendant testified that the written authority was for the sale of the second house, and that it was given after the first house had been sold. Six disinterested witnesses corroborated defendant, and the purchaser of the first house testified that she never saw the broker until after she had opened negotiations with defendant personally. *Held* insufficient to support a recovery of commissions for effecting a sale of the first house.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Municipal Court of New York.

Action by Charles Herweg and another against William Molitor. From a judgment of the Municipal Court in favor of plaintiffs, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Gaston F. Livett, for appellant.
John B. Merrill, for respondents.

WOODWARD, J. The plaintiffs bring this action to recover a commission alleged to be due to them from the defendant for effecting a sale of certain real estate. The defendant was the owner of two semidetached houses, and he gave the plaintiffs a written authority, without date, to sell some property, but which particular property does not

110 N.Y.S.—16

appear from the writing. On the trial plaintiffs called the defendant as their witness, and he testified that the written authority was for the sale of the second house; that it was given to the plaintiffs after the premises in question had been sold to one Mrs. Haug. This evidence on the part of defendant, as plaintiffs' witness, is strongly corroborated by six disinterested witnesses, and it is difficult to find any evidence in support of the plaintiffs' claim that they were the procuring cause of the sale to Mrs. Haug. She testifies positively that she was not introduced to the defendant by the plaintiffs, that she never saw either of them until after she had opened negotiations with the defendant personally; and the story told by the defendant and his witnesses is all so convincing in its detail and character that it seems to me it would be a perversion of justice to permit this judgment to stand.

The judgment appealed from should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.